SAMUEL LEWIS & others *vs.* CITY OF PROVIDENCE & others.

Certain tax payers of the city of P. brought a bill in equity to have the city council enjoined from purchasing certain real estate, alleging that the land was never deemed to be useful for any public interest, nor purchased to subserve any public interest. *Held,* that a demurrer to the bill must be overruled, as the city council would exceed their authority by making a purchase such as this was alleged to be.

BILL IN EQUITY, filed by certain tax payers of the city of Providence against the city council of said city, for an injunction to restrain said council from doing anything under the following vote of the council, approved December 1, 1871 : " Resolved, That the city treasurer is hereby authorized and directed to pay to Walter S. Burges and others a sum not exceeding eleven thousand dollars ($11,000), whenever they shall present to him a deed satisfactory to the city solicitor of lots numbered twelve and thirteen on the plat of the Dorrance Street Association in the city of Providence, the same to be paid from the appropriation for contingencies."

To the bill, the material allegations of which are stated in the opinion of the court, the defendants demurred generally.

---

NOTE. — The following is clause 13 of § 9 of the city charter of the city of Providence, which was referred to at the hearing : —.

" Clause 13. The city council shall take care that moneys shall not be paid from the treasury unless granted or appropriated; they shall secure a just and proper accountability by requiring bond, with sufficient penalty and sureties, from all persons intrusted with the receipts, custody, and disbursements of moneys; and shall fix the bonds of all officers of said city, and in such amounts as they shall see fit. They shall have the care and superintendence of the

*Parkhurst*, for the respondents, in support of the demurrer, cited *Sherman* v. *Carr*, 8 R. I. 431; *Jenkins* v. *Andover*, 103 Mass. 94; Statutes, chap. 719; section 4 of the former charter, and section 9, clause 13, of the present charter of the city of Providence, to show: I. That the court had no jurisdiction over the city of Providence in the matter of the purchase of land; and, II. That the purposes for which it was claimed in the complainants' bill the purchase was made, were legitimate purposes within the purview of the charter.

*James Tillinghast*, for the complainants, *contra.* I. The powers conferred upon municipalities must be construed with reference to the object of their creation, namely, as agencies of the state in local government.

And wherever the municipality shall attempt to exercise powers not within the proper province of local self-government, whether the right to do so be claimed under express legislative grant, or by implication from the charter, the act must be considered as altogether *ultra vires.* Cooley's Con. Lim. 211; also 195, 235; *Stetson* v. *Kempton*, 13 Mass. 272; *Vincent* v. *Nantucket*, 12 Cush. 105; *Hood* v. *Lynn*, 1 Allen, 104; *Riley* v. *Rochester*, 9 N. Y. 64.

II. It is a well established principle that town officers are trustees, and are bound to exercise their trust in good faith according to law. *Frost* v. *Belmont*, 6 Allen, 157; *Chicago* v. *Rumpff*, 45 Ill. 90; *Freeland* v. *Hastings*, 10 Allen, 575.

III. The purpose of this proposed purchase, as alleged in the bill and admitted by the demurrer, can in no proper sense be said to be "useful to the public interest" within the meaning of clause 13 of section 9 of the city charter, nor a proper exercise of municipal power.

BRAYTON, C. J.[1] The bill states that the complainants are tax payers in the city of Providence, that the city council of said city have authorized the city treasurer to pay to Walter

---

city buildings, and the custody and management of all city property, with power to let or sell what may be legally let or sold, and to purchase and take, in the name of the city, such real and personal property as they may think useful to the public interest."

[1] DURFEE, J., having an interest in the Dorrance Street property, did not sit in the above case.

S. Burges and others the sum of $11,000, whenever they shall present a deed satisfactory to the city solicitor, of certain lots on the plat of the Dorrance Street Association. That the lots for which such sum is to be paid are not needed or proposed to be used, or purchased for any public or municipal use or purpose whatsoever, nor to meet, or as useful to any public interest, for which said city may lawfully purchase real estate. That the plan of such purchase was formed and matured for the sole purpose of enabling the city and its officers to harass one of the complainants, Henry C. Clark, as an owner in the same Dorrance Street Wharf, and coerce him into an abandonment or compromise of his claims upon the city, established by a judgment against the city, and which action is now pending ; that the purchase by the city is unlawfully made, and an unlawful expenditure by the city of public money ; that the complainants are tax payers and entitled to have such expenditures enjoined, and prays that the city and its officers and the said city treasurer may be enjoined from paying out any money under the resolution aforesaid of said city council.

To this bill the respondents have filed a general demurrer, and they say that the bill states no case for the relief asked, and sets forth no equity to prevent the said city from making the purchase proposed, and becoming the owner of said lots and paying therefor.

The respondents say, that by the charter granted to the city, the city council are authorized to purchase and take such real estate as they think useful to the public interests, and under this power they may rightfully purchase any real estate which they may choose to purchase. That it is made by the charter to rest in the discretion of the city council if they will purchase and what they will purchase, a discretion which cannot be controlled or overruled. That they have power to purchase without regard to its usefulness for any public interest, but for other purposes if they will.

It is not questioned, and certainly not denied by the respondents, that the powers granted to corporations and to municipal corporations are given for corporate purposes, to advance the purpose and object of the incorporation, and the powers given are to be exercised as they are intended, to subserve those pur-

poses. The powers granted them are to be construed with regard to, and in subordination to the object for which the corporation was created. Angell & Ames on Corp. § 88. They may make contracts which are necessary and convenient to the exercise of their corporate powers, and their acts are valid when made relative to objects concerning which they have a duty to perform, or interest to protect, or a right to defend, but not when made for objects foreign to the purposes of their creation. The power to purchase being incident to every corporation, and unlimited in amount when not restrained by the charter, is nevertheless restrained, as its other powers are, to the purposes of its creation, and can only be exercised to effect those purposes for which they are given. It is not denied that corporations and their officers are to be regarded as trustees for the benefit of their members, and of the tax payers especially of municipal corporations, and are to be held to exercise their trust in good faith ; that the tax payers are *cestuis que trustent*, and entitled to call for the due execution of the trust held for their benefit.

The question now before us is, and the only question is, whether the complainants, in their statement, state in the bill a case for relief, that is, if they establish by proof what they allege. Whether they can prove it may be matter of inquiry hereafter.

For the purpose of this hearing, the allegations of the bill are admitted to be true, and our inquiry is, does the allegation made by the bill, and thus admitted to be true, state a case for relief ?

The bill alleges that the proposed purchase is not to be made, nor the money to be paid, for any public or municipal use or purpose whatever. That the land is not intended to be used to meet, nor intended to meet, nor was it purchased as useful to any public interest for which the city could lawfully purchase. It is admitted that there was no such purpose.

The bill alleges that the sole purpose of the purchase was to furnish means to harass one of the complainants, in order to compel him to abandon a claim already adjudged to him against the city, and other claims, or to compromise the same upon the respondents' own terms.

It is admitted that this was the sole purpose.

The bill in effect alleges, that the land was never deemed to be useful for any public interest, for which the city might pur-

chase to an unlimited amount, and the demurrer, for the purposes of the present argument, admits that it was not so deemed, and so the power is not proposed to be exercised with the intent to subserve the purposes of the incorporation, or the purposes contemplated by the terms of the grant of this power.

This, we think, is not an exercise of the trust committed to the city council for the purposes for which it was intended.

We do not think the city council are to be controlled in the exercise of their discretion in purchasing what they may deem useful to the public interest, as to what they shall purchase, for what price, what particular public interest it is intended to subserve, or to what extent it will subserve that interest. It is only necessary that the purpose of the purchase and payment shall be to serve some public interest, and not for a purpose, and that a sole purpose, foreign to it.

It is not for us now to say of the complainants' case, that if the allegations of this bill are put in issue, they establish by proof that the city council have so far exceeded their power, and have disregarded all considerations of this kind, but by taking the state of things as admitted to be true, we must overrule the demurrer.

Mr. Justice POTTER said he wished to add to the reasons already given by the chief justice, some considerations growing out of the construction of Revised Statutes, chapter 30, relating to the powers of towns. The power given to towns to purchase real estate is given in the broadest language; yet no one ever contended that it could be used for purposes of mere profit or speculation, or for any other than one of the purposes for which towns were authorized to raise money. The two powers and all parts of the chapter were to be construed in connection. After specifying certain purposes for which towns can raise money, the act concludes with the general provision, "for all necessary charges." These words are substantially the same with those in the laws of Massachusetts, where they have always been construed to refer to the purposes for which municipal corporations are instituted.

So here, the general language used in the charter must be construed to refer to such purposes, and not as conferring an unlimited power.

If the purchase was useful for any of the purposes for which they might lawfully purchase, this court would not inquire into the degree of usefulness or into the amount of price, unless a case was made out showing an abuse of the discretion.

The present decision settles nothing as to the facts of this case, nor anything farther than that the complainants are entitled to relief if they make out such a case as they allege, *i. e.* that the land was not purchased for a public use.

*An injunction was then granted.*